IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAM O. WREYFORD,<br><br>    Plaintiff,<br><br>v.<br><br>RANDOLPH COUNTY, ALABAMA,<br>THE RANDOLPH COUNTY<br>COMMISSION, and WILLIAM<br>DILLARD,<br><br>    Defendants. | Case No. 3:11-cv-662-MEF<br>(WO—Do not publish) |

**MEMORANDUM OPINION & ORDER**

**I. INTRODUCTION**

This case arises out of an incident at a town hall meeting. The plaintiff, Sam Wreyford ("Wreyford"), alleges that Deputy Sheriff William Dillard ("Dillard") rushed at him, hit him in the face, knocked his cell phone out of his hand, and slammed his head into a wall. This occurred after the Randolph County Commission allegedly told Dillard to remove another meeting attendee. Now, Randolph County, Alabama ("Randolph County"), and the Randolph County Commission ("the commission")—two of the three defendants—have moved to dismiss Wreyford's claims. (Mot. to Dismiss, ECF No. 26.) For the reasons discussed below, their motion is due to be GRANTED.

1

## II. JURISDICTION & VENUE

The Court has subject-matter jurisdiction over this case under 28 U.S.C § 1331 (federal question). The parties do not contend that the Court lacks personal jurisdiction over them, nor do they dispute that venue is proper under 28 U.S.C. § 1391(b).

## III. MOTION TO DISMISS STANDARD

A motion to dismiss mainly tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). It does not delve into disputes over the proof of the facts alleged—such a crucible is reserved for the summary judgment stage. With this in mind, the Court accepts as true all well-pled factual allegations in the complaint, viewing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). The Court will grant a motion to dismiss "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Ed. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A motion to dismiss also requires compliance with some minimal pleading standards. Indeed, although a plaintiff's complaint generally need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Moreover, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. Nor does it suffice if the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561.

## IV. FACTUAL BACKGROUND[1]

The Randolph County Commission decided to hold a meeting to discuss some proposals for the Randolph County Jail. It set the meeting for March 4, 2010. Sam Wreyford, along with some others, believed the proposals set for discussion by the commission were inappropriate and maybe even illegal. So at the urging of Terry Lovvorn, a member of the commission, Wreyford decided to attend and voice his opposition.

The opposition group selected Jeffrey Nolen to speak for them at the commission meeting. The commission allowed Nolen to voice his concerns, but he got his opportunity before two of the commissioners, Lathonia Wright and K. Doyle Allen, had arrived. After one of the commissioners made what Nolen felt like was a misrepresentation, he tried to raise a "point of order" to clear things up for the benefit of

---

[1] The Court has taken the facts from Wreyford's second amended complaint (ECF No. 23). Because this is a motion to dismiss, the Court has taken the facts as true.

Wright and Allen, neither of whom had heard Nolen earlier. Nolen made the request two or three times.

This prompted the chair of the commission, June Waldrep, to order the sheriff's deputies to remove Nolen. Although the deputies did not arrest him, they tried to carry him out of the meeting. And because Nolen had earlier tried to record part of the proceedings with his cell phone, Deputy Dillard tried to take the phone from him.

Wreyford believed that removing Nolen violated Alabama's open meeting law, so he called Randolph County Sheriff Jeff Fuller. But as he tried to do so, Dillard, without warning, rushed at him, struck him in the face, knocked away his phone, and pushed him through a door and into a wall. Wreyford's head hit the wall with enough force to put a hole through it. Dillard then arrested Wreyford, charged him with disorderly conduct, and took him to the Randolph County Jail. Once there, Wreyford did not receive medical treatment until he was taken to the Randolph County Hospital three to four hours later.

Wreyford was eventually tried and acquitted of the disorderly conduct charge. He then filed this civil suit in federal court. His complaint alleges that the Randolph County Commission, along with Randolph County acting through the Sheriff's office and Deputy Dillard (in his individual capacity), violated some of his constitutional rights. The three counts in his complaint allege the following:

> 1. Count One alleges that Dillard, and by implication Randolph County and the Randolph County Commission, arrested him with neither a warrant nor probable cause,

        thereby violating his Fifth and Fourteenth Amendment rights to due process.

    2.    Count Two alleges Dillard, Randolph County, and the Randolph County Commission violated the Fourth Amendment by using excessive force against him.

    3.    Count Three alleges the defendants violated his First Amendment rights to free speech, to assemble peaceably, to petition the government, and to participate in the political process.

Wreyford asks for compensatory and punitive damages, along with attorneys' fees and costs, to remedy these alleged wrongs.

## V. DISCUSSION

Randolph County and the Randolph County Commission move to dismiss Wreyford's claims on two related grounds. First, they contend they cannot be held vicariously liable for Dillard's actions because sheriffs and their deputies answer to the State of Alabama, not the individual counties. Second, and relatedly, they argue that their lack of statutory authority over the sheriff and his deputies means they cannot face liability under an agency theory either. Wreyford responds by acknowledging that an Alabama county cannot face liability for the actions of a sheriff or his deputies under a vicarious liability theory. But he argues that Randolph County and the county commission enlisted Deputy Dillard as their agent by asking him to attend the meeting and by later asking him to remove a member of the public.

The defendants have the better of the argument on the first point. Under Alabama law, sheriffs "represent the State of Alabama, not their counties." *McMillian v. Monroe Cnty.*, 520 U.S. 781, 793 (1997). As a result, "Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious." *Id.* at 789. And because "[t]he deputy sheriff is the alter ego of the sheriff," *Carr v. City of Florence*, 916 F.2d 1521, 1526 (11th Cir. 1990), it follows that an Alabama county cannot face liability for the acts of the sheriff's deputies under a vicarious liability theory.

Yet the inquiry does not end there. The *McMillian* Court only held that Alabama sheriffs (and by implication their deputies) represent the State of Alabama and not their counties "when executing their law enforcement duties." 502 U.S. at 793. But this by no means implies that a sheriff's deputy always acts in a law enforcement capacity. Take for example a nightclub that hires an off-duty police officer as a bouncer because it wants someone with law enforcement experience to provide security. If the bouncer/off-duty officer throws out a rowdy bar patron, he isn't acting in a law enforcement capacity. And this is true even if the patron's conduct violates a community standards law—like a prohibition against disorderly conduct or disturbing the peace—that the officer would typically enforce at his day job.

Here, the Randolph County Commission asked Deputy Dillard to attend the meeting and then enlisted him to remove Nolen. Taking these facts in the light most favorable to Wreyford, one could infer that this created an agency relationship between

6

the county commission and Dillard, and that Dillard, as the county commission's agent, acted outside of his law enforcement capacity when he removed Nolen at the commission's behest. In other words, Dillard arguably acted more like an officer moonlighting as a bouncer for the Randolph County Commission than as an agent of the State of Alabama enforcing a community standards law.

Even so, the Randolph County Commission asked Dillard to remove *Nolen*; it never asked him to take any action against *Wreyford*. In fact, the complaint makes clear Dillard attacked Wreyford on his own initiative. This is significant because § 1983 requires a plaintiff to prove the conduct complained of deprived him of "a right, privilege or immunity secured by the constitution or laws of the United States." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). Since Wreyford only alleges that a member of the commission asked Dillard to remove someone else from the meeting, he consequently fails to allege that the commission's conduct deprived him of a constitutional right. At most his allegations might support a claim that the commission used Dillard to deprive Nolen of his constitutional rights.[2] Wreyford's claims against Randolph County and the Randolph County Commission are therefore due to be dismissed.

---

[2] Nolen is not a party to the lawsuit.

## VI. CONCLUSION

For the reasons discussed above, it is hereby ORDERED that the Motion to Dismiss (ECF No. 26) filed by Randolph County and the Randolph County Commission is GRANTED. The claims against these two defendants are DISMISSED without prejudice.

Done this the 21st day of August, 2012.

                                        /s/ Mark E. Fuller
                                  UNITED STATES DISTRICT JUDGE